!FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2012 SEP -4 PM 3:37

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE, FLORIDA

KENNETH VANDEREN,       )
                        )
    Plaintiff,          )
                        )
v.                      )   No. 3:12-CV-981-J-32TEM
                        )
ENHANCED RECOVERY COMPANY, LLC, )
                        )
    Defendant.          )

## PLAINTIFF'S COMPLAINT

Plaintiff, KENNETH VANDEREN ("Plaintiff"), through his attorneys, The Law Offices of Robert Peters, P.A., alleges the following against Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the state of Florida, and therefore, personal jurisdiction is established.

1

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Yulee, Nassau County, Florida.

7. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Jacksonville, Florida.

12. Defendant is a business entity engaged in the collection of debt within the State of Florida.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor, T-Mobile USA, Inc., account number 495812203, Defendant's

2

reference number: 62988123.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. On March 23, 2010, Plaintiff filed a Voluntary Bankruptcy Petition in the United States Bankruptcy Court, Middle District of Florida, Case No.: 3:10-bk-02329.

20. The original creditor, T-Mobile USA, Inc., was listed in Plaintiff's Voluntary Bankruptcy Petition Schedule F.

21. On July 6, 2010, Plaintiff's Voluntary Bankruptcy Petition was discharged. *See* Document No. 27.

22. In the beginning of 2012, Defendant was hired to collect on the alleged debt owed to T-Mobile USA, Inc.

23. On May 9, 2012, Defendant mailed a collection letter to Plaintiff in an attempt to collect an alleged debt owed to T-Mobile USA, Inc. *See* Defendant's letter attached as Exhibit A.

24. Throughout the month of May 2012, Defendant placed collection calls to Plaintiff in an attempt to collect an alleged debt owed to T-Mobile USA, Inc.

25. For example, Defendant called Plaintiff on May 14, 17, 18, and 19, 2012, in an attempt to collect an alleged debt owed to T-Mobile USA, Inc.

26. Defendant called Plaintiff from 800-893-3081, a telephone number belonging to Defendant.

27. On June 8, 2012, Plaintiff informed Defendant again that Plaintiff had counsel and Plaintiff did not owe the debt.

28. However, on June 15, 2012, Defendant mailed another collection letter to Plaintiff in an

3

attempt to collect an alleged debt owed to T-Mobile USA, Inc. *See* Defendant's letter attached as Exhibit B.

29. Defendant attempted to collect the alleged T-Mobile USA, Inc., debt from Plaintiff on more than one occasion after Plaintiff filed a Voluntary Bankruptcy.

30. Defendant attempted to collect the alleged T-Mobile USA, Inc., debt from Plaintiff on more than one occasion after the alleged debt was discharged.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff even though Defendant knew Plaintiff was represented by an attorney.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

    e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and/or legal status of the debt.

WHEREFORE, Plaintiff, KENNETH VANDEREN, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

4

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff repeats and realleges all of the allegations in Count 1 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. Defendant violated the FCCPA based on the following:

    a. Defendant violated the *§559.72(9)* of the FCCPA by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other right when such person knows that the right does not exist.

    b. Defendant violated the *§559.72(18)* of the FCCPA by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

WHEREFORE, Plaintiff, KENNETH VANDEREN, respectfully requests judgment be entered against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

38. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

5

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Robert Peters
The Law Offices of Robert Peters, P.A.
1054 Kings Avenue
Jacksonville, FL 32207
Tel: 904-421-6907
Fax: 904-328-3778
rppalaw@gmail.com
Attorney for Plaintiff